FILED
CLERK, U.S. DISTRICT COURT

JAN 2 4 2017

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRIGITTE FERRAT,

    Defendant.

Case No.  17-075M

ORDER OF DETENTION

## I.

On January 13, 2017,  Defendant made her initial appearance on the indictment issued in the Western District of North Carolina.  Deputy Federal Public Defender Summer Lacey was appointed to represent Defendant.  The detention hearing was continued to January 18, 2017. Defendant requested an identity hearing to be held on that date. On January 18, 2017, the Court was informed that Defendant had been hospitalized and could not be appear in court. On January 24, 2017, the Court, after finding that the government had met its burden of establishing that defendant was the individual charged in the pending indictment, conducted a detention hearing.

☐      On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒      On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

## II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

## III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community.  [18 U.S.C. § 3142(g)]  The Court has also considered the government's memorandum in support of its request for detention (Docket No. 10), all the evidence adduced at the identity and detention hearing, including the exhibits that were admitted into evidence,  the arguments of counsel, the reports issued by the U.S. Pretrial Services Agency on January 13, 2017 and January 18, 2017, and the recommendations, in those reports, that Defendant be detained.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒       Defendant is a citizen of Costa Rica, and regardless of defendant's legal status in the United States, the government will not be able to extradite defendant from Costa Rica if she flees to Costa Rica.  Moreover, Defendant was granted permission to enter the United States for the public benefit of having her arrested on the outstanding warrant issued as a result of the indictment filed in the Western District of North Carolina, in case number 15CR212-FDW.

☒       Defendant has numerous ties to Costa Rica, including siblings, adult children, and a boyfriend who supports her, and ownership of property in Costa Rica. Moreover, the allegations in the indictment charge defendant with participating in a telemarketing fraud based in Costa Rica and receiving substantial proceeds from the fraud in Costa Rica.  In contrast, Defendant has limited ties to the Central District of California and virtually no ties to the charging district, the Western District of North Carolina.

☒       Defendant's ties to the Central District of California consist of three siblings who live here. However, defendant has not traveled to the United States for the past thirteen years and the proposed surety that has been offered to secure the defendant's release on bond (a $15,000 cash bond and the posting of real property valued at approximately $40,000) is insufficient.

☒       The indictment alleges that defendant and her co-conspirators used aliases and falsely represented themselves as acting on behalf of a government agency to ensure that victims received the proceeds of sweepstakes prizes.  The Court finds the use of aliases to be one factor that supports a risk of non-appearance.

As to danger to the community:

  ☒ Allegations in present charging document suggest that defendant poses an economic danger if released.

  ☒ Admitted drug use

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel.  On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: January 24, 2017   _____/s/_____
               HON. ALKA SAGAR
               UNITED STATES MAGISTRATE JUDGE